UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

```
UNITED STATES OF AMERICA,     )   No. 2:07-CR-00407 DLJ
                              )
            Plaintiff,        )
                              )
     v.                       )
                              )   ORDER
THOMAS FRANCIS FAY, III,      )
                              )
            Defendant.        )
_____)
```

On January 28, 2008, the Court heard argument on Defendant's Appeal from the Decision of the Magistrate Court. Meagan Melanson, supervised by Monica Knox, appeared on behalf of the government; Joseph Cook, supervised by Matthew Stegman appeared for the Government. Having considered the arguments of counsel, the papers submitted, the applicable law, and the record in this case, the Court hereby upholds the Order of the Magistrate Judge.

I.   **Factual Background and Procedural History**

   A.   **Factual Background**

On or about June 3, 2006, at approximately 11:00 p.m., Mr. Ken Anspach (Anspach), a civilian contractor regularly employed at Beale Air Force Base, was pumping gas into his vehicle at a gas station located within Beale Air Force Base.(Or. 2:16-20);(Decl. Kenneth Anspach Supp. Gov. Reply 1:18-27). Anspach observed a white pickup-truck enter the gas station through a clearly marked exit lane, and stop, facing the wrong direction, at the gas pumps.

(Or. 2:17);(Decl. 1:25-2:5). The driver, defendant Thomas Fay, while still remaining in the vehicle, asked Anspach for directions off of the base. (Or. 2:18);(Decl. 2:4-7).

Anspach approached the defendant's vehicle in order to provide directions. (Or. 2-20:21);(Decl. 2:7-8). As he spoke to the defendant he smelled alcohol. (Or. 2:21);(Decl. 2:10). He observed that the defendant had red, watery eyes, slurred speech, and he appeared disoriented and confused.(Or. 2:22-23);(Decl. 2:9-11). Anspach asked the defendant if he had been drinking. (Or. 2:25);(Decl. 2:15-17). The defendant admitted that he had been drinking that day. Id. Anspach also observed that one of the passengers appeared to be between 7-10 years of age. (Or. 3:1-2);(Decl. 2:25-26).

Anspach, who was also an off-duty reserve Nevada City Police Officer, believed that the defendant was driving under the influence of alcohol. (Or. 2-23:25);(Decl. 2:11-14). He showed the defendant his badge and asked the defendant to wait until the Beale Security Forces arrived. (Or. 3:3-5 );(Decl. 2:18-24). Mr. Anspach called the Security Forces and informed them of a suspected drunk driver. (Or. 3:5-6);(Decl. 2:20-21). Anspach waited outside and the defendant remained in his vehicle.(Or. 3:5)(Decl. 2:21-22; 2:23-24).

Senior Airman Martin Ferguson arrived shortly thereafter. (Or. 3:7-8). SrA. Ferguson observed the defendant to be disoriented, he smelled of alcohol, and he had red eyes and slurred speech. (Or. 3:9-11). Staff Sergeants Wortman and Goad arrived and administered a Horizontal-Gaze Nystagmus test which

they concluded the defendant failed. (Or. 3:10-13). Security Forces were unable to conduct any other field sobriety tests because the defendant is a lower leg amputee. (Or. 3 at Footnote 1). In response to SSgt. Wortman's questions, the defendant admitted that he had also taken 100mg. of morphine earlier that day. (Or. 3:14-15). Because their Breathalyzer was broken, Security Forces contacted the California Highway Patrol(CHP) and requested assistance.  (Or. 3:15-17).

Two CHP Officers arrived to assist Security Forces at approximately 12:45 a.m. on June 4, 2006. (Or. 3:18-23). In the meantime, defendant remained where he was.  The CHP Officers also observed the defendant's somewhat slow and slurred speech. Id. The CHP officers conducted another set of field sobriety tests and took defendant to county jail. Id.

B.   Procedural History

The defendant was charged with drunk driving by Federal authorities and was arraigned on September 5, 2006. He entered a plea of not guilty to all charges and requested a court trial. On October 5, 2006, the defendant filed a Motion to Quash and Suppress Evidence. The defendant propounded several arguments in that motion.  He argued: (1) that Anspach did not have the authority to detain defendant, and (2) that the California Highway Patrol could not arrest the defendant because the defendant did not commit a crime in their presence. (Mot. Supp., 7:13-15,12:19-21).

In his suppression motion defendant did not argue, as he does on appeal, that the California Highway Patrol did not have

the authority to make an arrest on federal property.

On October 18, 2006, the government filed its Response in Opposition to Defendant's Motion to Suppress, addressing only the arguments raised in defendant's motion. The government did not make any reference to Beale Air Force Base's status as an area of exclusive federal jurisdiction. (Govt.'s Resp. Def.'s Mot. Supp.)

On October 19, 2006, the defendant filed a Reply to the Government's Response. Again the reply did not raise any arguments concerning the issue of exclusive federal jurisdiction, (Deft's Reply to Govt. Resp.)

At the hearing on October 24, 2006 the Defendant raised for the first time the issue of suppression based on exclusive federal jurisdiction on the air base, which had not been raised in any of the pleadings. (Tr. 4:8-12)("[T]he secondary issue was brought to my attention that we can further brief, and I think needs to be further briefed, is the question of whether or not these state officers even had jurisdiction on federal property.")

Defendant's counsel offered to brief this new issue, but there was no additional argument on the issue at the hearing. (Tr. 4:9-19, 5:22-23). The hearing went on to discuss those issues raised in the written pleadings.

On February 23, 2007, the Magistrate Court issued its Order Denying Defendant's Motion to Suppress Evidence. The Order summarized the defendant's arguments from his Motion to Suppress. (Or. 4:6-18) and the government's response to those arguments. (Or. 4:19-5:17). The Court did not address the exclusive jurisdiction issue. The defendant did not file a motion for reconsideration asking that the exclusive jurisdiction issue be considered.

On May 9, 2007, the defendant entered a conditional guilty plea to Count Two of the Information and the matter was referred to Probation for a Pre-sentence Report.  On August 27, 2007, the defendant was sentenced. The defendant's sentence was stayed pending appeal. The defendant filed a timely notice of appeal on September 11, 2007.

**II. Standard of Review on Appeal**

Convictions by a United States Magistrate are subject to review by a district court judge of the district in which the offense was committed.  18 U.S.C. § 3402.  Findings of fact are reviewed for clear error.  United States v. Bynum, 362 F.3d 574, 578 (9th Cir. 2004), United States v. Lex, 300 F.Supp.2d 951,956 (E.D. Cal. 2003).  Conclusions of law are reviewed *de novo*. United States v. Cabaccang, 332 F.3d 622, 624-25.

**III.  Discussion**

On appeal, the defendant argues for suppression based on the premise that the CHP officers did not have authority to make an arrest on Beale Air Force base, as jurisdiction on the Base is exclusively federal.  The government counters that defendant has waived this issue by not having raised it in an appropriate fashion below.

As noted above, the defense did not raise the issue of exclusive federal jurisdiction in their suppression motion papers before the magistrate judge.  The defendant only mentioned the issue of exclusive jurisdiction for the first time at the suppression motion hearing.  The Magistrate Court did not hear argument on this issue, so the government was not offered an

5

opportunity to address this claim at the hearing. Nor did the defendant file any post hearing motions. After the Order came out denying suppression, defendant could have made a request for reconsideration addressing the exclusive jurisdiction issue, but did not do so.

The government cites to United States v. Hawkins, 249 F.3d 867, 872 (9th Cir. 2001) for the proposition that defendant has waived any arguments about exclusive jurisdiction. Hawkins is a case with a similar underlying factual scenario and procedural posture to the case at bar. In Hawkins, defendant was arrested for driving under the influence on McClellan Air Force Base. In front of the magistrate judge he filed a motion to suppress evidence obtained as the result of the warrantless stop of his truck. Hawkins's argument centered on alleged lack of individualized suspicion that he had committed a crime. The Magistrate Judge denied Hawkins's motion and Hawkins appealed. The District Court affirmed the decision of the Magistrate Judge and defendant then appealed to the Ninth Circuit.

On appeal to the Ninth Circuit, Hawkins for the first time raised the issue of whether the officers had reasonable suspicion that Hawkins was under the influence of alcohol based on the condition of his breath, eyes, and speech. The Ninth Circuit held that "[t]he failure to raise a particular ground in support of a motion to suppress constitutes a waiver of that challenge." *Id.*, citing, United States v. Restrepo-Rua, 815 F.2d 1327, 1329 (9th Cir. 1987). The Hawkins Court went on to state that "[t]he basis for the rule that issues not presented to the trial court

generally cannot be raised for the first time on appeal is that "[i]t would be unfair to surprise litigants on appeal by final decision of an issue on which they had no opportunity to introduce evidence." United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir.1983). The Court went on to note, however, that there is an exception to this rule where even though the issue was not raised in the trial court the failure does not affect the factual record developed by the parties. Id.  Because questions about the officers' observations of Hawkins demeanor were factual in nature, the Ninth Circuit declined to address defendant's newly raised argument for the first time on appeal.  Similarly, defendant Fay did not raise the exclusivity argument below in any meaningful way.

Defendant Fay argues that the issue was not waived both because it was raised orally at the motion and also because the issue of exclusive jurisdiction is purely a legal question (and that the government has conceded exclusive federal jurisdiction). The defendant's position is only partially correct.  While there are cases where the Ninth Circuit has found no waiver if the issue was at least minimally raised in the pleadings and developed at oral argument, or if it was raised for the first time orally but then briefed afterward, such is not the case here.  See United States v. Khan, 993 F.2d 1368, 1376 (9th Cir 1993).

As part of the appeal to this Court, defendant has filed a "motion" for Judicial Notice on the issue of exclusive jurisdiction.  Attached to the motion are copies of records of

7

administrative agencies which purportedly indicate an interest by the federal Secretary of War in having exclusive jurisdiction of Beale Air Force base, among others.  The government has raised no issue about these documents, and in fact concedes exclusive federal authority on Beale.

However, In <u>United States v. Flores-Payon</u>, 942 F.2d 556, 558 (9th Cir. 1991), the Ninth Circuit made it clear that there is a second prong to this exception for purely legal questions, namely that there be no prejudice to the opposing party.  <u>Id</u>.  ("We have recognized certain narrow exceptions to the general rule against review on appeal of issues not raised below . . .(3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court.")

The fact that the government has conceded exclusive federal jurisdiction on Beale Base is not the end of the inquiry.  The government argues on appeal, and may well have argued below if this issue been raised, that the CHP were acting only in the capacity of providing assistance to the federal officers who had detained the suspect pending the CHP officers arrival.  The government asserts that because the federal officer's breathalyzer was broken, the Security Forces invited the CHP officers in to "assist in the collection of evidence."  The issues of who was in control of the investigation, at what point Fay was "arrested" and by whom, as well as the role of the CHP officers vis-a-vis the security forces are all factual issues which were not developed below, and which given the government's

stance on appeal, likely would have been raised by the government in response to defendant's assertion of exclusive jurisdiction.

Under Hawkins and Flores-Payon, this Court finds that the issue is not purely legal. Moreover, the Court finds that defendant's failure to raise the issue other than in a cursory fashion at the hearing caused prejudice to the government as it foreclosed responsive arguments the government might have made below. For example, if the CHP officer's jurisdiction had been questioned below, the government might have argued that the federal officers' two-hour detention pending arrival of the CHP constituted the arrest, an argument the Court might have favorably considered. As the current state of the record contains no arrest reports or testimony from the officers, this is another factual issue which had the issue been raised should have been developed below.

This Court finds that based on the record, the issue of exclusivity was not litigated below and was not ruled on. Moreover, defendant entered his guilty plea knowing that the Order of the court did not address exclusivity. For all of these reasons, the Court upholds the decision of the Magistrate Judge denying the motion to suppress.

Even without a more complete factual record as to the exclusive jurisdiction issue, it appears that the Magistrate Judge's decision should be affirmed and adopted by this Court. The Base Security Officers had gathered sufficient probable cause to arrest the defendant for drunk driving and he was detained in

order to perform further investigation on this issue.  Indeed the circumstances of detention support the conclusion that he was arrested before the California Highway Patrol arrived.  It is obvious that defendant would not be allowed to drive off the base with the child in the car.  Even within an exclusivity context, the Base Security Officers had the authority to act as they did, and took no action that was unlawful.  "Exclusive" jurisdiction does not prohibit Base Security officers from requesting state assistance or housing federal offenders in state jails.  For these reasons, the Court finds the present record is sufficient to uphold the decision of the Magistrate Judge.

IT IS SO ORDERED

Dated:    February 27, 2008

_____
D. Lowell Jensen
United States District Judge